State of Wisconsin, Plaintiff-Appellant,
v.
Michael F. Levickis, Defendant-Respondent.
No. 04-0835-CR.
Court of Appeals of Wisconsin.
Opinion Filed: November 23, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
The State appeals an order granting Michael Levickis's motion to suppress evidence found in the locked glove compartment of his vehicle. The State argues the evidence was lawfully obtained in a search incident to the arrest of a passenger in Levickis's vehicle. We agree and reverse the order and remand for further proceedings consistent with this opinion.[1]

BACKGROUND
¶2 On January 15, 2003, City of Merrill police officer Mark Heckendorf heard a Lincoln County Sheriff's Department dispatch describing a burglary suspect, Luke Rathke, and the vehicle in which he was riding, including license plate number. Soon after, Heckendorf stopped a vehicle with a similar license plate number driven by Levickis. As Heckendorf approached the vehicle, he saw someone matching Rathke's description in the back seat of the vehicle. Rathke was identified and arrested. The parties do not contest the lawfulness of Rathke's arrest.
¶3 Heckendorf asked Levickis if Rathke had put anything in the vehicle. Levickis indicated there were items in the trunk of the vehicle and opened the trunk for Heckendorf to inspect. Heckendorf saw electronic equipment, which was consistent with the dispatch that a DVD player or camcorder might have been stolen.
¶4 State trooper Steven Detienne also arrived at the scene. He searched Levickis's vehicle, discovered the glove compartment was locked, and used the keys in the ignition to open it. He found marijuana and a pipe in a cigarette pack. Levickis admitted the marijuana and pipe were his.
¶5 On May 12, 2004, Levickis was charged with possession of THC, second offense, and possession of drug paraphernalia. Levickis moved to suppress the evidence seized from the glove compartment. The circuit court granted the motion.

STANDARD OF REVIEW
¶6 Whether the search of Levickis's locked glove compartment was lawful is a question of constitutional fact. See State v. Pallone, 2000 WI 77, ¶26, 236 Wis. 2d 162, 613 N.W.2d 568. We apply a two-step standard of review to questions of constitutional fact. State v. Martwick, 2000 WI 5, ¶17, 231 Wis. 2d 801, 604 N.W.2d 552. First, we review the circuit court's findings of historical fact and uphold them unless they are clearly erroneous. Id., ¶18. Second, we review the application of historical facts to the constitutional principles independently. Id.

DISCUSSION
¶7 The Fourth Amendment to the United States Constitution and art. I, § 11 of the Wisconsin Constitution provide protection from unreasonable searches and seizures. Pallone, 236 Wis. 2d 162, ¶28. Warrantless searches are per se unreasonable unless the search falls into a delineated exception. Id., ¶29. One exception allows a warrantless search conducted "incident to a lawful arrest." Id., ¶30 (citation omitted).
¶8 A search incident to arrest allows the passenger compartment to be searched, including any containers whether open or closed. New York v. Belton, 453 U.S. 454, 460-61 (1981); Pallone, 236 Wis. 2d 162, ¶35. A glove compartment is a container for purposes of the exception. State v. Fry, 131 Wis. 2d 153, 177, 388 N.W.2d 565 (1986). Additionally, there is "no meaningful distinction between a locked and closed glove compartment." Id. The search incident to arrest exception justifies a search of all containers, regardless of whether they belong to the person arrested or to another occupant of the vehicle. Pallone, 236 Wis. 2d 162, ¶55. Here, the locked glove compartment was searched incident to Rathke's arrest and was, therefore, a lawful search.
¶9 The circuit court concluded that once Rathke was arrested and fruits of his crime were located in the trunk, the police could not continue to search the vehicle without "probable cause to believe that the other individuals in the car have committed any crime, nor ... any reasonable suspicion to believe that the car may still contain items of contraband or unlawful items." Levickis argues the search was a "fishing expedition" and urges us to adopt the circuit court's reasoning.
¶10 However, once a warrantless search is authorized, there is no law requiring the search to end when police find some or all of what they are looking for. In fact, "we cannot expect an officer to stop looking for further evidence of the offense," even if the discovery of further evidence is unlikely. Pallone, 236 Wis. 2d 162, ¶51. An officer may search until the search is complete. It is uncontested that Rathke, a passenger in Levickis's vehicle, was lawfully arrested. Rathke's arrest allowed the police to conduct a warrantless search of the vehicle's passenger compartment, including the locked glove compartment. See Fry, 131 Wis. 2d at 177. Accordingly, the fruits of the search incident to arrestthe marijuana and pipewere lawfully obtained.
By the Court.  Order reversed and cause remanded.
NOTES
[1] The State also argues that the police had probable cause to search the glove compartment after discovering contraband in the trunk. Because we conclude the evidence was lawfully obtained in the search incident to arrest of the passenger, we need not address whether probable cause existed.